Entered on Docket
July 06, 2007
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

MAR 28 2007

HAROLD S. MARENUS, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | |
|---|---|
| In re<br>AMR MOHSEN,<br>        Debtor. | BAP No. NC-06-1131-BSKu<br>Bk. No. 05-50662 |
| AMR MOHSEN,<br>        Appellant,<br>v.<br>UNITED STATES TRUSTEE,<br>        Appellee. | M E M O R A N D U M [1] |

Argued and Submitted on February 23, 2007 at
San Francisco, California

Filed - March 28, 2007

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable James R. Grube, Bankruptcy Judge, Presiding[2]

Before: BRANDT, SMITH, and KURTZ,[3] Bankruptcy Judges.

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[2] The case was reassigned to the Hon. Roger L. Efremsky effective 1 August 2006.

[3] Hon. Frank L. Kurtz, Chief Bankruptcy Judge for the Eastern District of Washington, sitting by designation.

The bankruptcy court denied debtor's motion to dismiss, and granted the U.S. Trustee's motion to convert. Debtor filed a motion for reconsideration, which the bankruptcy court denied. Debtor appealed.

We AFFIRM.

## I. FACTS

Amr Mohsen filed an individual chapter 11[4] petition on 2 February 2005 to stay the foreclosure of his residence in Los Gatos, California (the "Property"), which he scheduled for $5 million. The Internal Revenue Service filed a claim for more than $2.3 million in taxes, based on estimated income from reported stock sales for which Mohsen had not filed returns. After Mohsen's efforts to sell his house proved unsuccessful, in July 2005, the bankruptcy court granted relief from stay to Silicon Valley Bank, which foreclosed and sold the Property in a trustee's sale in October 2005.

Mohsen moved to dismiss under § 1112(b), arguing that since the Property had been sold, his primary reason for filing had been eliminated. In response, the U.S. Trustee filed a motion to convert under § 1112(b). It argued that sale of the Property could no longer provide funds necessary to reorganize, there was no proposed plan, Mohsen had no earnings, and there were enough remaining assets to warrant conversion.

---

[4] Absent contrary indication, all "Code," chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, prior to its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23, as the case from which this appeal arises was filed before its effective date (generally 17 October 2005). All "Rule" references are to the Federal Rules of Bankruptcy Procedure, all "FRCP" references are to the Federal Rules of Civil Procedure.

-2-

Case: 05-50662   Doc# 299   Filed: 03/28/07   Entered: 07/06/07 09:48:23   Page 2 of 12

Each party argued that, considering the distribution scheme in § 726, its position represented the "best interest of the creditors and the estate," a phrase not defined in the Code. 7 Alan N. Resnick & Henry J. Sommer, <u>Collier on Bankruptcy</u> ¶ 1112.04[6] (15th ed. rev. 2006). Mohsen opposed conversion, asserting that of 22 creditors, 14 of them, whose unsecured claims aggregated $743,576, opposed the motion to convert and supported dismissal. As Mohsen calculated, creditors holding 82.44% of the claims supported dismissal. None of these claimants participated in the chapter 11 case, and only the IRS claim was nondischargeable. Mohsen argued that dismissal was proper and in the best interest of creditors (including the IRS) because in a conversion, the majority of unsecured creditors' claims would be discharged. Mohsen's brother Aly filed an objection to conversion, mirroring Mohsen's objection. The Amidhouzour Trust, which held an unscheduled general unsecured claim for $66,500, supported conversion.

The two motions were heard together. The bankruptcy court granted the U.S. Trustee's motion and denied Mohsen's. Carol Wu was appointed chapter 7 trustee. She was not joined as a party to this appeal.

The bankruptcy court noted that there were assets in the estate, and accepted the U.S. Trustee's argument that those assets were likely to disappear were the case to be dismissed. The bankruptcy court cited Judge Alsup's November 2003 order entered in U.S. District Court for the Northern District of California in <u>Aptix Corp. v. Quickturn Design Systems, Inc.</u>[5] In that case, Quickturn obtained a $4.2 million judgment against Aptix for patent infringement. Mohsen was not a party in that

---

[5] U.S. District Court, N.D. Cal., No. C-98-00762-WHA.

-3-

case, but he was founder, president and former CEO of Aptix.[6] He asserted a security interest in Aptix' bank accounts, and Quickturn sought to avoid Mohsen's security interest as a fraudulent transfer to the extent necessary to satisfy the judgment. The District Court found that the transfer was fraudulent:

> The totality of the circumstances give rise to actual intent on the part of Aptix to hinder or delay satisfaction of the judgment due its creditor Quickturn, and . . . the granting of the security interest to Dr. Mohsen constituted a fraudulent transfer.

Order re Validity of Third Party Claim, 5 November 2003. The Federal Circuit later affirmed. The bankruptcy court noted that "Judge Alsup found a tremendous pattern of manipulation to the detriment of creditors by Mr. Mohsen." Transcript, 21 December 2005, at 4.

The bankruptcy court further noted that if the chapter 7 trustee decided not to administer the assets, they would be abandoned to Mohsen in any event.

Mohsen moved for reconsideration, arguing that the bankruptcy court should not have considered the District Court's findings because they were not relevant to the § 1112(b) determination. He also argued that the bankruptcy court had failed to consider the impact on creditors.

The bankruptcy court denied reconsideration:

I haven't seen anything in that motion that really impresses me as being new and different. . . .

---

[6] Aptix Corporation filed a Chapter 11 case (No. 04-52590) in 2004 which was converted to chapter 7 in November 2005, and closed in March 2006. Judge Grube was the assigned judge. The district court order was filed in that case as an exhibit to the Examiner's Report filed 13 April 2005.

-4-

> [T]he fact that some of the creditors have supported dismissal rather than conversion does not sway me. There are lots of relationships here between these parties.
>
> This is one of those cases that almost cries out for a trustee to go through and look at everything to make sure that the system is not taken advantage of in one way or another.
>
> The integrity of the process, in my view, in the circumstances of this case requires there to be a trustee. And that's one of the reasons why I converted rather than dismissed originally.

Transcript, 22 February 2006 at 2-3.

Mohsen appealed, seeking reversal of the conversion order and dismissal of the case.[7] Review of the docket shows that on 30 November 2006, approximately eleven months after the bankruptcy court entered the conversion order, it denied Mohsen's motion for a stay pending appeal. The case is still pending.

## II. JURISDICTION

The bankruptcy court had jurisdiction via 28 U.S.C. § 1334(b) and § 157(b)(1) and (2)(A). We have jurisdiction over this appeal under 28 U.S.C. § 158(a)(1) and (c).

## III. ISSUES

1. Whether the bankruptcy court abused its discretion in denying dismissal and converting the case to chapter 7; and
2. Whether the bankruptcy court abused its discretion in denying Mohsen's motion for reconsideration.

---

[7] Appellant, pro se, appeared telephonically at oral argument, per our order of 9 February 2007.

Case: 05-50662   Doc# 299   Filed: 03/28/07   Entered: 07/06/07 09:48:23   Page 5 of 12

## IV. STANDARDS OF REVIEW

A. We review the bankruptcy court's ruling on dismissal of a chapter 11 case for abuse of discretion. <u>In re Marsch</u>, 36 F.3d 825, 828 (9th Cir. 1994). A court abuses its discretion if it bases its ruling on either an erroneous view of the law or a clearly erroneous assessment of the evidence. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384 (1990).

B. Likewise, we review the bankruptcy court's conversion of a chapter 11 case to chapter 7 for abuse of discretion. <u>In re Consolidated Pioneer Mortgage Entities</u>, 248 B.R. 368, 375 (9th Cir. BAP 2000), <u>aff'd</u>, 264 F.3d 803 (9th Cir. 2001).

C. We review denial of a motion for reconsideration under FRCP 9023 or 9024 under the abuse of discretion standard. <u>In re Edelman</u>, 237 B.R. 146, 150 (9th Cir. BAP 1999).

## V. DISCUSSION

A. <u>Cause for Dismissal or Conversion under § 1112(b)</u>

As the moving party, the U.S. Trustee must establish cause for conversion. Section 1112(b)(1) governs, and prior to the 2005 amendments provided:

> (b)(1) Except as provided in subsection (c) of this section, on request of a party in interest or the United States trustee or bankruptcy administrator, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause . . . [.]

Before the 2005 amendments, § 1112(b) listed 10 grounds for "cause." The enumerated causes are not exhaustive, and the court must use its equitable powers to reach the correct result. <u>Consolidated</u>

-6-

Case: 05-50662   Doc# 299   Filed: 03/28/07   Entered: 07/06/07 09:48:23   Page 6 of 12

Pioneer, 248 B.R. at 375. Although neither the motion nor the court identified specific subsections of § 1112(b), the U.S. Trustee met its burden, and the court's reasons for conversion were sound.

First, the bankruptcy court took into account that there would be an estate (albeit a small one) to administer. See id. at 382-83. The court properly noted the benefit of appointing a trustee to administer these assets. At oral argument, the U.S. Trustee advised that the chapter 7 trustee was in the process of administering the estate: the amended schedules list non-exempt assets, including cash, a rental condominium in Egypt ($125,000) and $371,243 in personal property assets (including loans of $130,000 and a fire loss insurance claim of $116,000) and rugs.[8] Mohsen's only argument is that, given the size of the IRS claim and the modest estate, conversion actually hurts non-priority, unsecured creditors, whose claims are discharged and who will receive no distribution in a liquidation. But none of them appealed.

Second, the bankruptcy court was concerned with providing an orderly administration to discourage discrimination among creditors, especially the insiders. Conversion allows the bankruptcy court to retain jurisdiction over estate property. Short of Mohsen's voluntary payment of claims, the court believed that creditors would have difficulty collecting on their debtors outside of bankruptcy. Adding to the complexity of any collection effort was also the fact that one asset, the condominium, is located in Egypt. At a minimum, conversion would allow for a trustee to facilitate liquidation of the estate.

---

[8] In December 2006, the Chapter 7 trustee filed a notice of intent to abandon Mohsen's action for $97,000 in damages against Polytex Corp. No objection was filed.

-7-

Third, the court was aware of Mohsen's criminal proceedings, which ultimately led to his incarceration. Although the court drew no conclusions about his credibility or bad faith, the fact that Mohsen is incarcerated supports conversion. Under § 1112(b)(1), "continuing loss to or diminution of the estate" is a factor in deciding whether to convert a case. Incarceration would necessarily impair any ability Mohsen may have to generate revenue (he claimed to be writing a book) or protect any remaining assets for creditors. See In re Greenfield Drive Storage Park, 207 B.R. 913, 917 (9th Cir. BAP 1997) (conversion is appropriate where there is no revenue-generating activity in the best interest of the estate).

B. Motion to Reconsider

Mohsen did not brief reconsideration, so that issue is technically waived. U.S. v. Montoya, 45 F.3d 1286, 1300 (9th Cir. 1995) (issues not raised and argued in the opening brief are deemed waived). Nonetheless, as Mohsen is without counsel on appeal, we address it here. In re Kashani, 190 B.R. 875, 883 (9th Cir. BAP 1995) (the Panel may make reasonable allowance for pro se litigants and construe their papers liberally). Mohsen's failure to articulate meaningful arguments does not necessarily preclude our review of the merits.

Mohsen had two primary arguments on reconsideration: first, the court improperly considered the District Court's order, and second, that it misapplied the law by discounting the creditors' support for dismissal. A motion to reconsider is appropriate if the movant demonstrates manifest error or fact, law or newly discovered evidence.

-8-

In re JWJ Contracting Co., Inc., 287 B.R. 501, 514 (9th Cir. BAP 2002), aff'd, 371 F.3d 1079 (9th Cir. 2004).

The District Court's order is public record and the bankruptcy court could properly take judicial notice of it. Mohsen did not argue any basis for its exclusion, only that the bankruptcy court misinterpreted its meaning. It was not an abuse of discretion to consider it.

As for the "best interest of the creditors" standard, Mohsen's argument regarding the wishes of creditors is more than a little tendentious: he excludes the claims of the Internal Revenue Service ($2.3 million), another federal government claim ($1 million), and Aptix Corporation ($2 million), although he never, during his year as debtor in possession, objected to those claims.

The U.S. Trustee notes that Mohsen lacks standing to make arguments on behalf of insider creditors, citing Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 61 (9th Cir. 1994). It is true that Mohsen's arguments on behalf of insider creditors need not be accorded much weight. Nevertheless, while the U.S. Trustee does not appear to be challenging appellate standing, we note that Mohsen has a direct, pecuniary interest in appealing the conversion, considering that in a dismissal, all estate property would revert to him.

Mohsen's arguments do not meet the standards for reconsideration in any case: there was no newly-discovered evidence, nor any manifest error of law or fact.

Case: 05-50662   Doc# 299   Filed: 03/28/07   Entered: 07/06/07 09:48:23   Page 9 of 12

## VI. CONCLUSION

The bankruptcy court did not abuse its discretion in granting the motion to convert, nor in denying Mohsen's motions to dismiss, and for reconsideration.

We AFFIRM.

Case: 05-50662   Doc# 299   Filed: 03/28/07   Entered: 07/06/07 09:48:23   Page 10 of 12

```
                    U.S. Bankruptcy Appellate Panel
                           of the Ninth Circuit
            125 South Grand Avenue, Pasadena, California 91105
               Appeals from Central California  (626) 229-7220
               Appeals from all other Districts (626) 229-7225
```

NOTICE OF ENTRY OF JUDGMENT

BAP No. NC-06-1131-BSKu

RE: AMR MOHSEN

A separate Judgment was entered in this case on _____3/28/07_____.

BILL OF COSTS:

Bankruptcy Rule 8014 provides that costs on appeal shall be taxed by the Clerk of the Bankruptcy Court. Cost bills should be filed with the Clerk of the Bankruptcy Court from which the appeal was taken.
9th Cir. BAP Rule 8014-1

ISSUANCE OF THE MANDATE:

The mandate, a certified copy of the judgment sent to the Clerk of the Bankruptcy Court from which the appeal was taken, will be issued 7 days after the expiration of the time for filing a petition for rehearing unless such a petition is filed or the time is shortened or enlarged by order. See Federal Rule of Appellate Procedure 41.

APPEAL TO COURT OF APPEALS:

An appeal to the Ninth Circuit Court of Appeals is initiated by filing a notice of appeal with the Clerk of this Panel. The Notice of Appeal should be accompanied by payment of the $455 filing fee and a copy of the order or decision on appeal. Checks may be made payable to the U.S. Court of Appeals for the Ninth Circuit. See Federal Rules of Appellate Procedure 6 and the corresponding Rules of the United States Court of Appeals for the Ninth Circuit for specific time requirements.

CERTIFICATE OF MAILING
------------------------------------
    The undersigned, deputy clerk of the U.S. Bankruptcy Appellate Panel of the Ninth Circuit, hereby certifies that a copy of the document on which this certificate appears was mailed this date to all parties of record to this appeal.

                By: Edwina Clay

                Deputy Clerk: March 28, 2007